JAMES BYRNES
California Bar No. 154882
**LAW OFFICE OF JAMES BYRNES**
964 5th Avenue, Suite 500
San Diego California 92101
Telephone:  (619) 544-1477
Fax: (619) 544-1475
Email: lawbyrnes@yahoo.com

Attorney for Plaintiffs,
JOHN O'DONNELL

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

In re:

JOHN O'DONNELL,

     PLAINTIFFS,

v.

MICHAEL NEDD, Deputy Director of Operations of the Bureau of Land Management;
WILLIAM PERRY PENDLEY, Deputy Director of Policy and Programs of the Bureau of Land Management;
DAVID BERNHARDT, Secretary of the Interior;
A. STEWART, Agent with the Bureau of Land Management;
AND DOES 1 TO 100 INCLUSIVE,

     DEFENDANTS.

Case No.:   **'19CV1396 JAH MDD**

**ORIGINAL COMPLAINT FOR DAMAGES FOR:**

1. **Violation of Civil Rights under *Bivens* (*Bivens* action)**
    A. **Violation of Fourth Amendment Constitutional Rights Against unlawful Search and Seizure**
    B. **Violation of Equal Protection and Due Process Under the Fifth Amendment**
2. **Violations Under the Federal Tort Claims Act**

**JURY TRIAL REQUESTED**

Complaint for Damages

COMES NOW PLAINTIFF JOHN O'DONNELL AND ALLEGES AS FOLLOWS:

### INTRODUCTION

1.     This Complaint is intended to initiate a civil action against both (1) individuals acting under the color of federal authority under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971),  as well as (2) the United States Federal government under the Federal Tort Claims Act.

2.     These claims arise from a pattern of protracted abuse and harassment of Claimant John O'Donnell ("Mr. O'Donnell"), which has resulted in both property deprivation and severe emotional distress for Mr. O'Donnell.

3.     In short, though Mr. O'Donnell committed no crime and in fact did nothing to attract the attention of agents employed with the Bureau of Land Management ("BLM"), BLM agents repeatedly harassed Mr. O'Donnell, which included an illegal search and seizure of his residence.

4.     Harassment by BLM agents has been both consistent and serious, and has produced a state of anxiety, paranoia, and depression in Mr. O'Donnell. He therefore requests the relief requested below.

### JURISDICTION AND VENUE

5.     This is a civil action brought UNDER *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), pursuant to the Fourth and Fifth Amendments to the U.S. Constitution. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 2201.

6.     This is also a civil action brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 2671 et seq.; 42 U.S.C. § 1983; and 18 U.S.C. §§ 3142, 3144. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(b).

Complaint for Damages

7.     Pursuant to 28 U.S.C. § 2675(a) the claim set forth herein under the FTCA was presented to Bureau of Land Management on August 22, 2018.

8.     On January 29, 2019, The BLM sent Mr. O'Donnell a letter rejecting his administrative claims under the FTCA. Mr. O'Donnell has thus exhausted his administrative remedies for purposes of his claims under the FTCA. See 28 U.S.C. §§ 2675, 1346.

9.     Venue is proper in the Southern District of California because a substantial part of the events complained of and giving rise to Plaintiff's claims occurred in this District. *See* 28 U.S.C. §§ 1391(b), 1391(e), 1402(b).

## **PARTIES**

10.     Plaintiff JOHN O'DONNELL is a United States citizen currently living in San Diego, California.

11.     Defendant MICHAEL NEDD is the Deputy Director of Operations of the Bureau of Land Management. As Deputy Director of Operations, he oversees the BLM's daily activities, initiatives and management of more than 9,000 federal employees.

12.     Defendant WILLIAM PERRY PENDLEY is the Deputy Director of Policy and Programs of the Bureau of Land Management.

13.     Defendant DAVID BERNHARDT is Secretary of the Interior, and is the head of the Department of the Interior, under which the Bureau of Land Management operates. He is therefore ultimately responsible for the actions undertaken by employees of the BLM.

14.     Defendant A. STEWART is an Agent employed with the Bureau of Land Management.

///

///

///

3

Complaint for Damages

## JURY TRIAL DEMAND

15.    Plaintiff demands a trial by jury in this action on each of his claims triable by jury.

## FACTS

16.    Beginning in November 2016, employees of the Bureau of Land Management ("BLM") engaged in an abusive and persistent practice of harassment of claimant, John O'Donnell, that has resulted in a severe psychological response.

17.    Specifically, in November 2016, BLM officers arrived at Mr. O'Donnell's temporary residence -- a truck camper located in desert land outside of Ocotillo Springs, California, managed by the BLM in Imperial County -- without apparent reason, and began falsely accusing him of various offenses, including drug use and littering.

18.    Although Mr. O'Donnell informed BLM officers they were not permitted to search his residence, officers conducted a "dog search" and then entered Mr. O'Donnell's camper and vehicle without stating why there were doing so. Agents detained Mr. O'Donnell on the premises while this search occurred and did not allow him to enter his residence during that time.

19.    While there were other people camping in the area, the BLM officers inexplicably singled out Mr. O'Donnell as a target.

20.    After BLM officers left the premises, Mr. O'Donnell discovered that officers had stolen bottles of his medication, cigarettes, and a plaque signed by celebrity skate boarder Tony Hawk, all which were legally possessed.

21.    Officers never claimed the medication was illegally possessed or informed Mr. O'Donnell they were taking the medication or any of the other items

22.    Several days later, BLM officers again arrived at Mr. O'Donnell's campsite to harass him, Again, they accused him of littering because he had two carpets laid out on the ground for his dogs.

23.    The carpets were located on his own campsite and were not interfering with any other area.

4

Complaint for Damages

24.    When Mr. O'Donnell questioned the BLM officers why they were harassing him and threatened legal action, the officers stated the interaction was being video recorded (Mr. O'Donnell intends to request production of all video and/or audio recordings of these incidents should a civil action later be necessary).

25.    Due to this harassment, Mr. O'Donnell thereafter moved to a trailer on property located on 498 Highway 98 in Ocotillo, California. He soon learned that BLM officers had been asking several people in the town of Ocotillo about his whereabouts.

26.    Immediately after so learning, vehicles began to drive across Mr. O'Donnell's property in the middle of the night and shined bright lights directly into his trailer. That harassment continued until Mr. O'Donnell's family hired personal security for his residence (at a cost of several thousand dollars), but began again when that personal security left.

27.    People from the town of Ocotillo have informed Mr. O'Donnell that the BLM is attempting to force him to leave the area through harassment.

28.    This pattern of harassment at the hands of BLM officers has not only deprived Mr. O'Donnell of his personal property and constitutional rights but has led to a severe psychological reaction, which has included acute anxiety, paranoia, and post-traumatic stress.

## CAUSES OF ACTION ARISING UNDER UNDER *BIVENS V. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS*, 403 U.S. 388 (1971))

## FIRST CAUSE OF ACTION

### (Deprivation of Equal Protection and Due Process Rights Under the Fifth Amendment )

29.    The foregoing allegations are re-alleged and incorporated herein by reference.

5

Complaint for Damages

supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

38.    Mr. O'Donnell's detention at his residence in Ocotillo Springs in November 2016 and the corresponding search of his residence, violated the Fourth Amendment of the United States Constitution because (1) agents did not have a warrant to search his residence or seize his persons; (2) there was no probable cause or other lawful basis for the search or seizure; (3) the detention and search were therefore unreasonable, and (4) the search and seizure were undertaken solely for the purposes of harassment, rather than for any valid, legal purpose.

39.    This count is against all defendants.

## CAUSES OF ACTION ARISING UNDER UNDER *THE FEDERAL TORT CLAIMS ACT*, 28 U.S.C. §§ 2671, 1346

### THIRD CAUSE OF ACTION

40.    The foregoing allegations are re-alleged and incorporated herein by reference.

41.    At such times and places as indicated above, agent A. Stewart, as well as DOES 1-100, were employees of the Bureau of Land Management, an agency of the United States of America, and acted within the scope of employment.

42.    Defendants' actions constitute false arrest, assault, battery, false imprisonment, unlawful search, intentional infliction of emotional distress, negligent infliction of emotional distress, abuse of process, and conversion of personal property, within the scope of their offices and employment, under circumstances where the Defendant U.S., if a private person, would be liable to the Plaintiff in accordance with the laws of the State of California

43.    Under the Federal Torts Claims Act, defendants are liable for the above-described actions as they were acting within the scope of their employment as law enforcement

Complaint for Damages

officers for the United States of America and its Department of the Interior and Bureau of Land Management.

## DAMAGES

44. Since being persistently harassed by BLM officers, Mr. O'Donnell has developed severe and debilitating psychological problems, including acute anxiety, paranoia, and post-traumatic stress.

45. For instance, the actions of BLM officers have led Mr. O'Donnell to believe that other government organizations and individuals are targeting him and he is unable to work because of these afflictions, leading to a substantial loss in wages.

46. Moreover, Mr. O'Donnell is under the treatment of a psychiatrist because of this harassment and resulting trauma, and has been prescribed (and is taking) Xanax to treat his severe anxiety. Mr. O'Donnell is attaching two physician reports regarding his mental state.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays Judgment against the Defendants as follows:

47. A declaration that Defendants' actions violated the Constitution and Mr. O'Donnell's civil rights under the Fourth and Fifth Amendments to the U.S. Constitution.

48. A declaration that Defendants' actions were tortious and violated the Constitution and Mr. O'Donnell's rights under the Federal Tort Claims Act.

49. Trial by jury.

50. Compensatory damages in an amount to be proven at trial.

51. Punitive damages in an amount to be proven at trial.

///

///

///

///

8

Complaint for Damages

52.    Costs and reasonable attorney fees.

53.    Such other relief as the Court deems just and equitable.

Dated: July 25, 2019                          s/ *James Byrnes*
                                              **JAMES BYRNES**
                                              Attorney for Mr. O'Donnell

Complaint for Damages