UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN O'DONNELL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, MICHAEL NEDD, Deputy Director of Operations of the Bureau of Land Management; WILLIAM PERRY PENDLEY, Deputy Director of Policy and Programs of the Bureau of Land Management; DAVID BERNHARDT, Secretary of the Interior; A. STEWART, Agent with the Bureau of Land Management; IMPERIAL COUNT OF CALIFORNIA; IMPERIAL COUNTY SHERIFF'S OFFICE; RAYMOND LOERA, Sheriff of Imperial County, California; AND DOES 1 TO 100 INCLUSIVE,<br><br>　　　　　　　　　Defendants. | Case No.: 19cv1396-JAH (MDD)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [Doc. No. 11]** |

## **INTRODUCTION**

　　Pending before the Court is Defendant United States of America, *et al.*'s (collectively "Defendants") motion to dismiss Plaintiff John O'Donnell's ("Plaintiff")

1

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* ("*Bivens*"), Federal Torts Claim Act ("FTCA"), and 42 U.S.C. § 1983 ("§ 1983") claims. *See generally* Doc. No. 11. Plaintiff filed a response to Defendants' motion and Defendants filed a reply. *See* Docs. No. 13, 15. Having carefully considered the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** Defendants' motion to dismiss with leave to amend.

## BACKGROUND

Plaintiff alleges that sometime in November 2016, unidentified Bureau of Land Management ("BLM") officers arrived at Plaintiff's truck camper. Doc. No. 5 at 5. The truck camper was Plaintiff's temporary residence and was located on federal land outside of Ocotillo Springs, California. *Id*. The BLM officers "falsely accus[ed] [Plaintiff] of various offenses, including drug use and littering." *Id.* The BLM officers then conducted a "dog search" and entered Plaintiff's residence. *Id.* During the search, Plaintiff alleges BLM officers detained him and did not allow him to enter his residence. *Id.* Plaintiff claims the BLM officers "stole bottles of his medication, cigarettes, and a plaque signed by celebrity skate border Tony Hawk." *Id*.

Plaintiff alleges several days later, "BLM officers again arrived at [Plaintiff's] campsite to harass him" and accuse him of littering. *Id.* Plaintiff then moved residences because of the continued harassment. *Id.* at 6. Soon after, Plaintiff "learned that BLM officers had been asking several people in the town of Ocotillo about his whereabouts." *Id.* Then, "vehicles began to drive across [Plaintiff]'s property in the middle of the night and shined bright lights directly into his trailer." *Id.* This continued until Plaintiff's family hired private security for his residence. *Id.* Upon the departure of security, however, the harassment continued. *Id.* Plaintiff further contends BLM officers and Imperial County Sheriff's ("ICS") officers combined forces to harass and persecute him. *Id.*

On July 26, 2016, Plaintiff filed a complaint against Defendants alleging various causes of action. *See* Doc. No. 1. On November 7, 2019, Plaintiff filed a Second Amended Complaint ("SAC") alleging: (1) *Bivens* claim for violation of 5th amendment rights

against Defendants; (2) *Bivens* claim for violation of 4th amendment rights against Defendants; (3) FTCA claim against Defendants Michael Nedd ("Nedd"), William Perry Pendley ("Pendley"), David Bernhardt ("Bernhardt"), A. Stewart ("Stewart") and the United States of America ("United States"); and (4) § 1983 claim against Defendants. *Id.* On January 22, 2020, Defendant United States filed a motion to dismiss Plaintiff's SAC for lack of subject matter jurisdiction and failure to state a claim. *See generally* Doc. No. 11. On February 21, 2020, Defendants Imperial County, Imperial County Sheriff's Office, and Sheriff Raymond Loera filed a notice of non-opposition to Defendant United States' motion to dismiss. *See* Doc. No. 13. Plaintiff filed a response in opposition to Defendants' motion and Defendants filed a reply. *See* Doc. Nos. 13, 15.

## LEGAL STANDARD

Defendants seek dismissal pursuant to Rule 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), a defendant may seek to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *see also Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). Further, Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory

'factual content' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A motion to dismiss for lack of subject matter jurisdiction may be "facial" or "factual." *See Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction, whereas in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *See Id*. If the defendant brings a facial attack, a district court must assume that the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. *See United States v. One 1997 Mercedes E420*, 175 F.3d 1129, 1130-31 & n.1 (9th Cir. 1999); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A Rule 12(b)(1) motion will be granted if, on its face, the complaint fails to allege grounds for federal subject matter jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure. *See Warren v. Fox Family Worldwide, Inc.* 328 F.3d 1136, 1139 (9th Cir. 2003); *see also Morrison v. Amway Corp.* 323 F.3d 920, 924 n. 5 (11th Cir. 2003).

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is

not contested and matters of which the court takes judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## DISCUSSION

### A. *Bivens* Claims Against Defendant United States

Defendants argue that the United States enjoys immunity from suit unless immunity is expressly waived. Doc. No. 11 at 10. Defendants allege the court lacks subject matter jurisdiction because the United States has made no such waiver for Plaintiff's *Bivens* claims against the Untied States. *Id.* Plaintiff concedes the United States is not a proper Defendant. Doc. No. 14 at 3. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's first and second causes of action against the United States.

### B. *Bivens* Claims Against Defendants Nedd, Pendley, and Bernhardt

Defendants argue that Plaintiff failed to properly state *Bivens* claims against Defendants Nedd, Pendley and Bernhardt. Doc. No. 11 at 11. Defendants state Plaintiff's claims are improperly based on Defendants' official capacity, or in the alternative, rely on a theory of *respondeat superior*. *Id.* at 12. Further, Defendants allege that without specific claims regarding Defendants conduct in their individual capacity, the Court should dismiss the *Bivens* claims. *Id.* Plaintiff argues the *Bivens* claims have been brought against Defendants Nedd, Pendley and Bernhardt in their individual capacity. Doc. No. 14 at 6. Plaintiff acknowledges *respondeat superior* liability has not been recognized in *Bivens* actions, but states "[Plaintiff] has no other way to obtain [the needed] discovery" to substantiate the claims. *Id.* This needed discovery includes: "(1) the number of officers that were involved in [Plaintiff's alleged] harassment; (2) the names of the officers involved in [Plaintiff's alleged] harassment; (3) reports relat[ed] to [Plaintiff's alleged] harassment, or (4) video/audio files related to [Plaintiff's alleged] harassment." *Id.* Plaintiff then alleges,

the BLM and the Department of the Interior are in possession of this evidence. *Id.* As such, Plaintiff has alleged *Bivens* claims against Defendants Nedd and Pendley because they are heads of the BLM. *Id.* Plaintiff also has alleged *Bivens* claims against Bernhardt because he is the Secretary of the Interior. *Id.*

In a *Bivens* action, the plaintiff "must plead that each Government-official defendant, through his own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (citing *Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). *Bivens* actions are "not designed to hold officers responsible for acts of their subordinates." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1849 (2017). As such, "vicarious liability is inapplicable to *Bivens*" actions. *Iqbal*, 556 U.S. at 676. Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 676. Rather, a plaintiff must "plead and prove that the defendant acted with discriminatory purpose." *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 676).

Here, Plaintiff has not plausibly pled Defendants Nedd, Pendley, or Bernhardt, through their own actions, violated Plaintiff's constitutional rights. Plaintiff's SAC contains no allegations that Defendants Nedd, Pendley, or Bernhardt were involved or knew of Plaintiff's alleged harassment. Additionally, as Plaintiff concedes, there is no precedent for *respondeat superior* liability in a *Bivens* action. Doc. No. 14 at 6. Instead, Plaintiff asserts the BLM and Department of the Interior hold evidence of Plaintiff's harassment. As such, Plaintiff argues these entities' respective heads are proper defendants. However, Plaintiff's need for discovery does not allow him to circumvent stating a plausible claim. *Keates v. Koile*, 883 F.3d 1228, 1242 n.3 (9th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678–79).

Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's first and second causes of action against Defendants Nedd, Pendley, and Bernhardt, with leave to amend.

///

### C. FTCA Claim Against Defendants Nedd, Pendley, Bernhardt, and Stewart

Next, Defendants argue the United States is the only proper defendant in Plaintiff's FTCA claim. Doc. No. 11 at 13. Defendants state the FTCA allows for a "suit against the United States [as] the exclusive remedy for torts committed by federal agencies and federal employees…." *Id.* (citing 28 U.S.C. § 2679 (b)(1)). Plaintiff concedes the United States is the only proper defendant under the FTCA. Doc. No. 14 at 3. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's third cause of action against Defendants Nedd, Pendley, Bernhardt, and Stewart.

### D. Section 1983 Claim Against Defendants Nedd, Pendley, Bernhardt, Stewart, and the United States

Finally, Defendants argue Plaintiff's §1983 claim cannot be brought against Defendants Nedd, Pendley, Bernhardt, Stewart, or the United States because of their positions as federal government actors. *See* Doc. No. 11 at 14. Defendants contend that "[f]ederal officials can be liable under § 1983 only where there is a sufficiently close nexus between their challenged actions and State conduct." *Id.* Defendants allege that "no such nexus exists here" and the Court should accordingly dismiss the federal government actors from the claim. *Id.* Plaintiff concedes that the § 1983 claim cannot stand against Defendants Nedd, Pendley, Bernhardt, Stewart, and the United States. *See* Doc. No. 14 at 7. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's fourth cause of action against Defendants Nedd, Pendley, Bernhardt, Stewart, and the United States.

///
///
///
///
///
///
///
///

## **CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED:

- Plaintiff's first and second causes of action against Defendant United States are **DISMISSED with prejudice**.
- Plaintiff's first and second causes of action against Defendants Nedd, Pendley, and Bernhardt are **DISMISSED with leave to amend**.
- Plaintiff's third cause of action against Defendants Nedd, Pendley, Bernhardt, and Stewart is **DISMISSED with prejudice**.
- Plaintiff's fourth cause of action against Defendants Nedd, Pendley, Bernhardt, Stewart, and the United States is **DISMISSED with prejudice**.
- Plaintiff may file an amended Complaint on or before December 10, 2020.

**IT IS SO ORDERED.**

DATED: November 10, 2020

_____
John A. Houston
United States District Judge